```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF LOUISIANA
                          LAFAYETTE DIVISION




UNITED STATES OF AMERICA,        :      Docket No. 12-00173
                                 :
            Plaintiff,           :
vs.                              :      August 5, 2015
                                 :
RAYMOND F. DOYLE, III,           :
                                 :
            Defendant.           :      Lafayette, Louisiana
_____


    REPORTER'S OFFICIAL TRANSCRIPT OF THE SENTENCING HEARING
         BEFORE THE HONORABLE RICHARD T. HAIK, SR.
                UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE PLAINTIFF:          JOHN LUKE WALKER
                            United States Attorney's Office
                            800 Lafayette Street, Ste. 2200
                            Lafayette, LA  70501

FOR THE DEFENDANT:          RANDAL P. MCCANN
                            Law Office of Randal P. McCann
                            1005 Lafayette Street
                            Lafayette, LA  70501





                 LARAE E. BOURQUE, RMR, CRR
                Federal Official Court Reporter
               800 Lafayette Street, Ste. 3103
                     Lafayette, LA  70501
```

```
 1                    P R O C E E D I N G S
 2                       (Call to order of the court.)
 3           THE COURT:  Y'all may be seated.
 4           Good morning.  We have one matter set this morning,
 5   United States of America vs. Raymond F. Doyle, Criminal Action
 6   Number 12-00173-01.  Mr. Doyle is present in court with
 7   court-appointed counsel, Mr. Randal McCann; Mr. John Luke Walker
 8   representing the government; and Mr. Doyle is present in court
 9   with counsel.
10           Raymond F. Doyle, III, is a sole defendant named in a
11   four-count indictment filed in the Western District of Louisiana
12   on June 28th, 2012.  On April 16th, 2015, he entered a plea
13   of guilty to Count 1 of the superseding indictment filed on
14   February 14th, 2013, charging him with production of child
15   pornography in violation of 18 U.S.C. § 2251(a).  The defendant
16   has been detained without bond since August 15th, 2012.
17           Are the defendant, defense counsel, and the
18   U.S. Attorney ready to proceed?
19           MR. WALKER:  We are, Your Honor.
20           MR. MCCANN:  Yes, sir.
21           THE COURT:  Of course, this matter is set for
22   sentencing.  Is there any reason why sentence should not be
23   imposed at this time?
24           MR. WALKER:  None, Your Honor.
25           MR. MCCANN:  No, sir.
```

| | |
|---|---|
| 1 | THE COURT: I see that the defendant, defense counsel, |
| 2 | and the government have received and reviewed a copy of the |
| 3 | presentence report and there is one objection from the defendant. |
| 4 | Am I correct? |
| 5 | MR. WALKER: That is correct. |
| 6 | MR. MCCANN: Yes, sir, except my client has authorized |
| 7 | me to withdraw that objection. |
| 8 | THE COURT: Okay. |
| 9 | MR. MCCANN: It was about the cost of a computer. |
| 10 | THE COURT: Yeah. No problem. That's going to be a |
| 11 | pretty moot issue in the long run anyway. |
| 12 | MR. MCCANN: Actually that was what he thought. |
| 13 | THE COURT: All right. So that's withdrawn. |
| 14 | Are there any other corrections, alterations, or |
| 15 | additions that either of you wish to make at this time? |
| 16 | MR. MCCANN: Yes, sir. |
| 17 | The time of detention is an issue. The presentence |
| 18 | report reflects the date that he was detained by the Court |
| 19 | post-indictment. However, he was arrested on April the 23rd of |
| 20 | 2012 by a combination of state and federal authorities, and |
| 21 | within one week of April 23rd of 2012, the Department -- I |
| 22 | mean, the Department of -- the U.S. Postal Service put a hold on |
| 23 | him. So technically he was under the control of the |
| 24 | United States since at least May 1st of 2012. So that really |
| 25 | does give him an additional four months of credit for time |

1 served.

2 MR. WALKER: My response to that, Your Honor, he was
3 arrested on the 23rd. We did place -- a detainer was placed on
4 him on or around May 1st. He was not brought into federal
5 court nor was he indicted until the date that is reflected in the
6 presentence report. That matter is -- the Bureau of Prisons are
7 the ones who make the decision about when his time begins.
8 However, I do agree that we put a detainer on him as of
9 May 1st of 2012.

10 THE COURT: I am going to put in the judgment that he
11 should be given credit. The Court gives him credit for time
12 served since May 1st of 2012.

13 MR. MCCANN: Thank you, sir.

14 THE COURT: Okay. Any other corrections, alterations,
15 or additions that any of you wish to make at this time?

16 MR. WALKER: None, Your Honor.

17 MR. MCCANN: No, sir.

18 THE COURT: The Court has reviewed all of the materials
19 submitted in this case and considered all of the factors as set
20 forth in 18 U.S.C.A. § 3553, that is the nature and circumstances
21 of the offense and the history and characteristics of the
22 defendant, including the Court's discretion to consider the
23 defendant's cooperation.

24 In this case the Court has considered the defendant's
25 plea as to a plea certain in this matter, I think, of 30 years.

```
 1                  Is that correct, gentlemen?
 2                  MR. MCCANN:  That is correct, Judge.
 3                  THE COURT:  All right.
 4                  Two, the need for the sentence imposed, (a), to reflect
 5   the seriousness of the offense, to promote respect for the law,
 6   and to provide just punishment for the offense; (b), to afford
 7   adequate deterrence to criminal conduct; (c), to protect the
 8   public from further crimes of the defendant;
 9                  Three, the kinds of sentences available;
10                  Four, the kinds of sentences and sentencing range
11   established for this category of offense committed by this
12   category of defendant as set forth in the guidelines, which are
13   advisory only;
14                  Five, pertinent policy statements, (a), issued by the
15   Sentencing Commission pursuant to Section 994(a)(2) of Title 28,
16   United States Code, subject to any amendments made to such policy
17   statements by act of Congress; and, (b), that, except as provided
18   in Section 3742(g), are in effect on the date the defendant is
19   sentenced;
20                  Six, the need to avoid unwarranted sentence disparities
21   among defendants with similar records who have been found guilty
22   of similar conduct;
23                  And, seven, the need to provide restitution to any
24   victims in this matter.
25                  Of course, the biggest and most profound issue
```

```
 1   pertaining to sentencing in this matter is the fact that the
 2   defendant has pled guilty under the conditions that he would not
 3   only agree -- that he would agree that 30 years is a reasonable
 4   sentence under the circumstances, am I correct, or that that
 5   would be the sentence?
 6              MR. MCCANN:  That's correct.
 7              THE COURT:  And the Court would not consider going over
 8   30 years because of the other offenses that he was charged with
 9   and the Court would not go under 30 years for any reason.
10              MR. MCCANN:  That's correct.  It's an agreed upon
11   11(c)(1)(C) plea.
12              THE COURT:  All right.  Does the defendant have
13   anything to say or offer in mitigation of punishment before
14   sentence is imposed?
15              THE DEFENDANT:  No, sir.
16              THE COURT:  Counsel?
17              MR. MCCANN:  No, sir.
18              THE COURT:  Government?
19              MR. WALKER:  It's a (C) plea.  There's nothing to say.
20   It's a specific sentence.
21              THE COURT:  Then don't say anything.  Thank you.
22              MR. WALKER:  That's the reason I stood up.
23              THE COURT:  All right.  The guidelines in this
24   matter are the defendant's offense level is 42.  The criminal
25   history is Category II.  The advisory guideline range is
```

```
 1   360 months of imprisonment because it is a plea certain under the
 2   circumstances.  Probation is not applicable.  Not less than five
 3   years of supervised release.  A fine of between $25,000 and
 4   $250,000.
 5             Restitution in the amount of $1,452.42 has been
 6   requested by the victim.  The Court will in fact order the
 7   restitution in this matter, although the victim requested $1,400,
 8   in the amount of $735.97, which reflects the cost of a new
 9   computer to the victim, C.T.  Under the circumstances, the Court
10   feels that is the fair amount.
11             A special assessment of $100 pursuant to
12   18 U.S.C. § 3013 is required.
13             The Court will therefore impose the following
14   sentence:  360 months of imprisonment. No probation. Five years
15   of supervised release.  The defendant is given credit for time
16   served from May 1st of 2012.  We need to amend in writing to
17   put in May 1st, 2012, to today for his incarceration.  I
18   think -- based on the comments of the government and the defense,
19   I think that's reasonable.
20             Yes, Mr. Walker?
21             MR. WALKER:  Your Honor, in the plea agreement, as part
22   of the (C) plea, he agreed to 30 years in prison and lifetime
23   supervised release.  That's on page 2 of the plea agreement.
24             THE COURT:  All right.  I did not see that in my
25   papers.
```

```
1              All right.  Lifetime supervised release.
2              That's correct?
3              MR. MCCANN:  It is correct.  It's in the plea
4    agreement.
5              THE COURT:  All right.  The Court will amend the
6    supervised release to lifetime supervised release.
7              The mandatory conditions of supervised release are as
8    follows:  The defendant shall not commit another federal, state,
9    or local crime.
10             Do you understand this, Mr. Doyle?
11             THE DEFENDANT:  Yes.
12             THE COURT:  The defendant shall not possess a firearm
13   once you get out -- or even if you're in, you shouldn't have a
14   firearm.  Do you understand that?
15             THE DEFENDANT:  Yes, sir.
16             THE COURT:  All right.  The defendant shall not
17   unlawfully possess a controlled substance in or out of jail.
18             Do you understand?
19             THE DEFENDANT:  Yes, sir.
20             THE COURT:  Pursuant to the Justice for All Act of
21   2004, the defendant shall cooperate in the collection of DNA as
22   directed by the United States Probation Office if you have not
23   already done so.  All right?
24             THE DEFENDANT:  Yes, sir.
25             THE COURT:  Pursuant to the 1994 Crime Control Bill,
```

Case 6:12-cr-00173-MJJ-PJH   Document 84   Filed 02/18/16   Page 9 of 13 PageID #: 288

9

```
1    the defendant shall submit to at least one drug test within 15
2    days of placement on supervised release and at least two periodic
3    drug tests thereafter as directed by the United States Probation
4    Office.
5              Do you understand this?
6              THE DEFENDANT:  Yes, sir.
7              THE COURT:  The defendant shall comply with the
8    requirements of the Sex Offender Registration and Notification
9    Act as directed by the probation officer, the Bureau of Prisons,
10   or any state sex offender registration agency in which he
11   resides, works, is a student, or was convicted of a qualifying
12   offense.
13             Do you understand that?
14             THE DEFENDANT:  Yes, sir.
15             THE COURT:  Special conditions:  The defendant is to
16   undergo mental health treatment as directed by the probation
17   office to include sex offender treatment, psychotherapy, and/or
18   group counseling, and shall contribute to the cost of such
19   treatment in accordance with his ability to pay.
20             Do you understand this?
21             THE DEFENDANT:  Yes, sir.
22             THE COURT:  The defendant shall not have internet
23   access on his personal computer, PDA, or any other device without
24   the approval of the probation officer.
25             THE DEFENDANT:  Yes, sir.
```

1   THE COURT: The defendant shall not associate with any
2   minor under the age of 18 unless the minor's parent or legal
3   guardian is present, except for incidental contact in normal
4   commercial life.
5   Do you understand this?
6   THE DEFENDANT: Yes, sir.
7   THE COURT: You're also ordered to pay restitution in
8   the amount of $735.97 with the interest to be waived.
9   Do you understand this?
10  THE DEFENDANT: Yes, sir.
11  THE COURT: The 100-dollar special assessment per count
12  is due and owing immediately.
13  Do you understand this?
14  THE DEFENDANT: Yes, sir.
15  THE COURT: All right. At this time I wish to advise
16  you that you have a right to appeal your sentence and/or
17  conviction in this matter. If you are unable to afford the
18  services of an attorney to handle your appeal, counsel will be
19  appointed for you.
20  Do you understand this, Mr. Doyle?
21  THE DEFENDANT: Yes, sir.
22  THE COURT: Do you also understand that if you cannot
23  afford it, a transcript of the record in this case will be
24  prepared for appeal at the government's expense?
25  THE DEFENDANT: Yes, sir.

```
 1              THE COURT:  The defendant is remanded to the custody of
 2   the Bureau of Prisons to carry out his sentence at this time.
 3              MR. WALKER:  And, Your Honor, the United States would
 4   move to dismiss Counts 2 through 24.
 5              THE COURT:  No objection?
 6              MR. MCCANN:  Your Honor, I've got to note an objection
 7   here.  This is a Rule 11(c)(1)(C) plea.  That means it was
 8   specifically negotiated.
 9              The mandatory conditions of supervised release are
10   mandatory, and I know they're out there.  The defendant has not
11   agreed to any special conditions of supervised release in his
12   Rule 11(c)(1)(C) plea.  He did agree to lifetime supervision and
13   he agreed to 30 years.  He did not agree to a mental health
14   evaluation once he got out on supervised release.  He didn't
15   agree to not use a personal computer.  Obviously he did agree to
16   the restitution because I withdrew my objection to the PSR.  So
17   what I am objecting to right now does not apply to the
18   restitution, but it does apply to the mental health evaluation
19   that you specified and it does apply to use of a personal
20   computer.
21              MR. WALKER:  And, Your Honor, my response to that is we
22   simply said he had to be -- or he had to have supervised release
23   for the remainder of his life.  It is silent as to that, and
24   because it's silent as to that, you have the right to give
25   conditions of supervised release as you do in every single case.
```

Case 6:12-cr-00173-MJJ-PJH   Document 84   Filed 02/18/16   Page 12 of 13 PageID #:  291

12

```
1                MR. MCCANN:  I take the opposite view.
2                THE COURT:  You can take it on appeal.  Thank you very
3    much.
4                MR. MCCANN:  I just want to make sure that my record is
5    clear.
6                THE COURT:  I understand.  Do you want to say anything
7    else?
8                MR. MCCANN:  I want to say one more thing.
9                THE COURT:  Okay.
10               MR. MCCANN:  I recognize that it is silent.  Okay?  But
11   because it is silent, that means it was not negotiated.  He
12   agreed to 30 years, he agreed to lifetime supervision, and
13   therefore it is not something that the Court can impose upon him.
14               THE COURT:  I think the Court does have the right to
15   add the special conditions.  The defendant did in fact agree to
16   pay restitution because it was part of the presentence report.
17   If I'm wrong, the Fifth Circuit will reverse me, but there's an
18   old saying that silence is golden, and in this case the silence
19   in that plea I think still gives me the authority to impose the
20   special conditions, and if not --
21               MR. MCCANN:  Yes, sir.  I mean, I think my objection --
22               THE COURT:  It's not going to come into effect for a
23   long time.
24               MR. MCCANN:  I agree.
25               THE COURT:  But you can certainly appeal.
```

```
1            MR. MCCANN:  My objection is quite specific on the
2   record, and the Fifth Circuit can address the issue if it's
3   brought up.
4            THE COURT:  No problem.
5            MR. MCCANN:  Yes, sir.  Thank you.
6            THE COURT:  Thank you.
7            MR. MCCANN:  And thanks for putting this further on the
8   schedule.
9            THE COURT:  Thank you very much.
10           And we've dismissed the other charges?
11           MR. WALKER:  Everything is done.
12           THE COURT:  All right.  Thank y'all very much.
13           MR. WALKER:  Thank you, Judge.
14                       (Proceedings adjourned.)
15                              – – –
16
17                           Certificate
18  I hereby certify this 18th day of February, 2016, that the
19  foregoing is, to the best of my ability and understanding, a true
20  and correct transcript from the record of proceedings in the
21  above-entitled matter.
22
23                                  /s/ LaRae E. Bourque
24                                  Federal Official Court Reporter
25
```